## MARTIN v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, General Term, Fifth Department.    January 18, 1893.)

RAILROADS—ACCIDENT AT CROSSING—CONTRIBUTORY NEGLIGENCE.

One who stops 180 feet from a crossing to look for a train, and then drives forward at a speed of 6 or 8 miles an hour, is guilty of negligence, although he may have continued to look, and only have seen the train after it was too late to stop.

Motion for new trial on exceptions.

Action by Frank B. Martin against the New York Central & Hudson River Railroad Company. Judgment of nonsuit, after which plaintiff moved for a new trial on exceptions directed to be heard in the first instance at the general term. Motion denied, and judgment directed for defendant.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

A. W. Shurtleff, for appellant.

Camp & Dunwell, for respondent.

LEWIS, J.    This action was brought to recover damages for injuries sustained by the plaintiff, caused by his coming in collision with one of the defendant's engines at a highway crossing. Defendant's negligence was established. The plaintiff was nonsuited because he failed to show himself free from negligence contributing to his injuries. The undisputed evidence showed that the plaintiff approached the crossing upon the highway in an open wagon drawn by a gentle, manageable horse, in the daytime. He stopped at the distance of 180 feet from the crossing, and looked and listened, and, not seeing or hearing an approaching train, he started up his horse, and drove on to the place of collision at a speed of from 6 to 8 miles an hour. He saw the approaching engine just before the collision, and tried to stop his horse, but was not able to do so in time to avoid the collision. In explaining why he did not stop in time to avoid the accident, plaintiff testified, "A man going on a good road gait cannot stop in a minute." While he testified that he continued to look and listen up to the time of the accident, and did not see

the engine until it was too late to avoid the collision, it is apparent that his own negligence contributed to his injuries. Had he been driving his horse at a proper rate of speed, he could have stopped him in time to have avoided the accident. The jury would not have been warranted in finding otherwise upon the evidence. The nonsuit was proper, and the plaintiff's motion for a new trial should be denied, and judgment directed for the defendant on the nonsuit. All concur.